## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**FRANTISEK PRIBYL,**

     **Plaintiff,**

**vs.**                             **Case No. 4:18cv365-WS-MAF**

**UNITED STATES, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a second amended complaint, ECF No. 63, [hereinafter "complaint"] which has now been reviewed as required by 28 U.S.C. § 1915A. Plaintiff's complaint is brought against the United States, an assistant United States Attorney who prosecuted a case against Plaintiff, and against several state law enforcement officers who were involved in Plaintiff's criminal trial. Thus, Plaintiff's complaint asserts civil rights claims against both state and federal Defendants.

In general, a civil rights complaint must be submitted pursuant to 42 U.S.C. § 1983 to pursue claims against state actors and claims brought against federal officials are litigated under Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff has attempted to bring all of these claims in one complaint, and in one case. Although the form is not appropriate, the allegations have been reviewed to determine if Plaintiff has sufficiently stated a claim.

Plaintiff's criminal case went to trial in May of 2018, and he alleges that Defendant Clark testified in the trial.  Plaintiff contends that Defendant Clark (a police officer) lied on the stand to manipulate the jury.  *Id.* at 7.

Plaintiff's claim against Defendant Clark cannot proceed because the law has been well established that witnesses have absolute immunity for their testimony during trials and in grand jury proceedings.  Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  "Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial . . . or in front of the grand jury."  Jones, 174 F.3d at 1281 ((citing Briscoe v. LaHue, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d. 96 (1983) and Strength v. Hubert, 854 F.2d 421 (11th Cir. 1988)); *see also* Kelly v. Curtis, 21 F.3d 1544, 1553 (11th Cir. 1994).  If it can be shown that false testimony was given in a trial, such acts do not go unpunished as the false witness faces a potential prosecution for perjury.  Knowing that a witness who gave false testimony can be prosecuted may be of little comfort, but a

civil rights claim against the witness is barred.  Plaintiff's claim against

Defendant Clark is insufficient as a matter of law.

Plaintiff also asserts claims against Defendant Thielemann, the

prosecutor in his criminal trial.  Plaintiff contends that he was not

"dedicated to fairness and equal justice" but, instead, speculated on events

in a desire "to win the case at any price."  *Id.* at 8.  Plaintiff alleges

Defendant Thielemann used "tricks and lies to mislead the jury from the

truth" and presented fabricated evidence.  *Id.*  Plaintiff alleges that the

Defendant withheld and suppressed exculpatory evidence, and improperly

denied Plaintiff a translator.  *Id.*  Again, it is well established that

"prosecutors enjoy absolute immunity for the initiation and pursuit of

criminal prosecution."  Jones, 174 F.3d at 1281.  Plaintiff's claims against

this Defendant cannot proceed.

Moreover, Plaintiff cannot sue the United States for monetary

damages because he was convicted.  Heck v. Humphrey, 512 U.S. 477,

114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for

monetary damages related to a conviction or sentence until the plaintiff can

show that the conviction or sentence has been invalidated).  "The United

States, as sovereign, is immune from suit save as it consents to be sued."

United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769, 85 L. Ed. 1058 (1941).  Consent has not been given for prisoners to bring lawsuits to challenge their convictions.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69-70, 122 S. Ct. 515, 520-21, 151 L. Ed. 2d 456 (2001).  Plaintiff's claim against the United States is barred.

Plaintiff's complaint also alleges that unknown FDLE officers used more force than was necessary to enter the house where Plaintiff was arrested.  *Id.* at 7.  He claims that he was slammed to the floor and one or more officers knelt on his back and he asserts that he suffered fractured bones.  *Id.*

Plaintiff did not initially present this claim in his initial complaint, ECF No. 1, but he has now done so.[1]  However, the claim is conclusory and Plaintiff has not identified any specific person who is responsible for that use of force.  If Plaintiff wants to pursue this claim, and if he believes there is a factual basis to support his conclusory allegation that excessive force was used against him, he could request leave to file a third amended complaint using a § 1983 complaint form.  This claim is not appropriately

---

[1] Plaintiff first raised this claim in his first amended complaint.  ECF No. 10 at 8.

Case No. 4:18cv365-WS-MAF

presented however in this case which has been initiated pursuant to

Bivens.

Finally, Plaintiff also asserts claims for an illegal search and seizure.

*Id.* at 10.  Those claims are also brought against unidentified FDLE officers

and Plaintiff contends that approximately $350-$450 in cash was taken

from his wallet and Matco mechanic tools were taken out of a toolbox in the

trunk of his vehicle.  *Id.*  Again, such claims could be presented in a § 1983

complaint, but are not appropriate in a Bivens action.

This case has been pending since August of 2018.  Plaintiff has yet

to submit a serviceable complaint and his claims have evolved as this

litigation has progressed.  He has been given numerous extensions of time

to comply with court orders in this case.  It is time to move this case

forward or dismiss it.  Plaintiff now presents two claims which are plausible

and for which relief could be provided.  However, they should not proceed

in a complaint that is primarily deficient and brought pursuant to Bivens.

Because Plaintiff's claims against Defendant Thielemann, the United

States, and Defendant Clerk are barred, Plaintiff's second amended

complaint should be dismissed as insufficient.  Nevertheless, Plaintiff

should be given leave to file a third amended complaint, if he desires to do

so, against the unknown state officials for the alleged excessive use of force and unlawful seizure of property.  The third amended complaint should be limited to those claims, and only those claims.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 63, be **DISMISSED** for failure to state a claim upon which relief may be granted, but that Plaintiff be permitted to file a third amended complaint limited only to his civil rights claims brought against the unknown state officials.  If is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2020.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.