## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FRANTISEK PRIBYL,**

   **Plaintiff,**

**vs.**                                               **Case No. 4:18cv365-WS-MAF**

**UNKNOWN FLORIDA
DEPARTMENT OF
LAW ENFORCEMENT OFFICERS,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a fourth amended complaint, ECF No.

93, a motion to receive copies, ECF No. 94, and an objection, ECF No. 95,

to the prior Order, ECF No. 92.  The fourth amended complaint

["complaint"] has been reviewed as required by 28 U.S.C. § 1915A, which

prompts issuance of this Report and Recommendation.

Before reviewing the claims and allegations made in the complaint,

ECF No. 93, it will be beneficial to set forth the procedural history of this

case.  Plaintiff initiated this case on August 2, 2018.  ECF Nos. 1-2.  It took

Plaintiff until March 2019 to submit the required in forma pauperis motion,

ECF No. 22.  In the meantime, Plaintiff submitted an amended complaint.

ECF No. 10.  Notably, Plaintiff's case initiating pleading complained "about

wrongdoing by this Court and prosecutor."  ECF No. 1.  His first amended

complaint was also brought against the United States and prosecutor

Christopher Thielemann.  ECF No. 10 at 2-3.  An Order informed Plaintiff

that his first amended complaint was insufficient to proceed because he

could not use a civil rights action to challenge the validity of his conviction.

ECF No. 32.  Furthermore, Plaintiff was advised that he could not sue

Mr. Thielemann for monetary damages because he has prosecutorial

immunity, and the United States was immune from suit.  *Id.* at 5-6.  Plaintiff

was given an opportunity to voluntarily dismiss this case rather than

receive a "strike" which could limit his ability to proceed with in forma

pauperis status in the future.[1]  *Id.*

Instead, Plaintiff filed a motion requesting permission to file a second

amended complaint, ECF No. 46, in July 2019.  That motion was granted,

ECF No. 48, but when Plaintiff failed to submit that pleading, an Report

and Recommendation was entered in January 2020, recommending that

---

[1] The Order noted that Plaintiff had 3 pending cases in this Court alone, and had only recently begun serving a 120-month prison sentence.  ECF No. 32 at 7.

Plaintiff's first amended complaint be dismissed for failure to state a claim.

ECF No. 58.  The Report and Recommendation, ECF No. 58, explained

again that a prisoner could not seek monetary damages in a civil rights

case if doing so "would collaterally undermine a criminal conviction or

sentence."  ECF No. 58 at 2.  Noting that Plaintiff was continuing to press

claims which are barred, it was recommended that Plaintiff's amended

complaint be dismissed.  *Id.* at 3-4.

Thereafter, Plaintiff filed a document, ECF No. 59, that was

construed as a motion for reconsideration, ECF No. 60, and Plaintiff was

granted additional time in which to file a second amended complaint.

Thus, the Report and Recommendation was vacated.  ECF No. 60.[2]

It took Plaintiff until March 2020 to file his second amended

complaint.  ECF No. 63.  After review, another Report and

Recommendation was entered, ECF No. 68, recommending that Plaintiff's

second amended complaint be dismissed for failure to state a claim, but

permitting Plaintiff to file a third amended complaint, limited <u>only</u> to his

newly raised civil rights claims against the state law enforcement officers

---

[2] It actually was the second time a Report and Recommendation was vacated based on Plaintiff's request to file a second amended complaint.  *See* ECF Nos. 45, 48.

for using excessive force when he was arrested and for an allegedly illegal

search and seizure of his wallet and certain mechanic's tools.  Importantly,

the Report and Recommendation explained that Plaintiff could not proceed

with a claim against police officer Clark for lying on the stand to manipulate

the jury.  ECF No. 68 at 2-3.  The Report and Recommendation was

adopted, over Plaintiff's objection, on June 22, 2020.  ECF No. 70.  Plaintiff

was given until July 17, 2020, to file the third amended complaint.  *Id.*

After more delay, Plaintiff submitted his third amended complaint on

November 5, 2020.  ECF No. 83.  After review, an Order was entered

explaining why that pleading was insufficient.  ECF No. 84.  In particular,

Plaintiff was informed that the Department of Law Enforcement could not

be named as a Defendant because the Department is not a "person" for

purposes of § 1983.  Additionally, Plaintiff was required to clarify how many

John Doe Defendants were involved in the alleged excessive use of force

because his listing of Defendants was not clear.  *Id.*

On March 11, 2021, Plaintiff filed his fourth amended complaint.

ECF No. 93.  Review of this pleading reveals that Plaintiff did not comply

with the prior Order, ECF No. 70, which permitted him to submit an amended complaint.

Plaintiff has once again named Christopher Thielemann as a Defendant and Officer Corrine Clark, a Panama City police officer, as a Defendant. ECF No. 93 at 4. Mr. Thielemann was the prosecutor in Plaintiff's federal criminal trial, the result of which was Plaintiff's conviction and the sentence Plaintiff is currently serving in the custody of the Bureau of Prisons. Officer Clark provided testimony during Plaintiff's criminal trial. The prior Report and Recommendation explained why claims against those persons were insufficient, ECF No. 68, and the Report and Recommendation was adopted, ECF No. 70. Plaintiff cannot seek to resurrect claims which have already been dismissed in this case. Because Defendants Clark, Thielemann, and the United States were previously dismissed from this action, ECF Nos. 68 and 70, the fourth amended complaint is insufficient to state a claim as to those three Defendants and the claims against them must be dismissed.[3]

---

[3] Plaintiff has continued to allege that Defendant Clark provided false testimony and lied under oath to "support" Defendant Thielemann's "speculative theory." ECF No. 93 at 11. A claim for perjury is precluded in a § 1983 action based on witness immunity, Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999), and a prosecutor has immunity for actions involved in the "judicial phase of the criminal process." Imbler v. Pachtman,

Plaintiff also once again listed the Florida Department of Law

Enforcement as a Defendant, in addition to a John Doe agent of the

Department, and Special Agent Joseph Prato.  ECF No. 93 at 1-3.  Plaintiff

has attempted to allege a claim against Defendant Prato for lying on the

witness stand.[4]  *Id.* at 11.   As Plaintiff was previously advised, "the law has

been well established that witnesses have absolute immunity for their

testimony during trials and in grand jury proceedings."  ECF No. 68 at 2

(citing Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)).  "Police

officers enjoy the same absolute immunity as lay witnesses for their

testimony at trial . . . or in front of the grand jury."  Jones, 174 F.3d at 1281

(citing Briscoe v. LaHue, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d. 96

(1983) and Strength v. Hubert, 854 F.2d 421 (11th Cir. 1988)); *see also*

Kelly v. Curtis, 21 F.3d 1544, 1553 (11th Cir. 1994).  A witness may face a

criminal prosecution for providing perjured testimony, but the witness may

not be sued in a civil rights action for testifying in a court proceeding.

---

424 U.S. 409, 430, 96 S. Ct. 984, 994-995, 47 L. Ed. 2d 128 (1976).

[4] Judicial notice is taken that Joseph Prato (with the Florida Department of Law Enforcement) and Corrine Clark (with the Panama City Police Department) were listed as two of the four witnesses for the Government during Plaintiff's trial.  ECF No. 115 of case # 4:17cr15-MW-MAF.

Case No. 4:18cv365-WS-MAF

Thus, Plaintiff's claim against Defendant Prato for providing testimony during his criminal trial is insufficient to state a claim and should be dismissed.

Plaintiff also alleged that Defendant Prato was responsible for the allegedly illegal search and seizure.  ECF No. 93 at 9.  He indicates that money was taken, as well as his cell phone, pictures, and unspecified "mechanic tools" from his vehicle.  *Id.*  Plaintiff contends that the illegally "taken material was used to convict Plaintiff" and were taken "without authorization and without jurisdiction."  *Id.*  Plaintiff claims that his trial was "unfair" because of the use of such items which were a result "of FDLE piracy" and violated his due process rights.[5]  *Id.*

First, Plaintiff provides no facts which demonstrate that Defendant Prato was involved in the seizure of items from his vehicle.  Plaintiff's claim is entirely conclusory and without factual support to show what property Defendant Prato seized.  That is particularly important in this case because Plaintiff claimed that a "demolition unit of FDLE Army" was involved in the

---

[5] Judicial notice is taken that Plaintiff's cell phone was the subject of an Order of Forfeiture in the underlying criminal conviction.  ECF Nos. 155 and 273 of case # 4:17cr15-MW-MAF.

"sting operation" which resulted in Plaintiff's arrest.  ECF No. 93 at 9.

Plaintiff alleged that the "unknown FDLE demolition/plunder pirate unit"

entered his car and seized his property.  *Id.*  Considering that broad

assertion, it reasonably suggests that numerous FDLE agents were

involved in his arrest.  There are no facts presented which supports

Plaintiff's "understanding" that the "search and seizure was by order" of

Defendant Prato and no specific facts showing what property Defendant

Prato either seized, or directed to be seized.  Considering that Plaintiff was

arrested over four years ago on February 13, 2017, *see* ECF No. 1 of case

number 4:17cr15-MW-MAF, Plaintiff has had sufficient time to provide the

factual support for this claim.  It should be dismissed.

    Second, even if property was seized from Plaintiff's vehicle at the

time of his arrest, there are no facts alleged which reveal that the search

and seizure of the property was unlawful.  For example, if the property was

located within the passenger compartment, it could be seized as a search

incident to arrest.  *See* New York v. Belton, 453 U.S. 454, 460, 101 S. Ct.

2860, 69 L. Ed. 2d 768 (1981); Thornton v. United States, 541 U.S. 615,

618, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004).  Plaintiff's allegations do

not make that point clear, but Plaintiff does suggest that the property was

seized after he was detained and while he was being interviewed.  ECF

No. 93 at 9.  In that case, the vehicle could still be searched if it was

"reasonable to believe the vehicle contain[ed] evidence of the offense of

arrest."  Arizona v. Gant, 556 U.S. 332, 346, 129 S. Ct. 1710, 1721, 173 L.

Ed. 2d 485 (2009).  In such a case, "United States v. Ross, 456 U.S. 798,

820-821, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982), authorizes a search of

any area of the vehicle in which the evidence might be found."  Gant, 556

U.S. at 347, 129 S. Ct. at 1721.   Furthermore, there are other

circumstances which could justify the search and seizure of property from

Plaintiff's vehicle, including inventory searches.  South Dakota v.

Opperman, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976)

(holding that such a search is "reasonable" under the Fourth Amendment).

Here, Plaintiff's complaint is entirely conclusory as to this claim and

does not demonstrate that the search and seizure of property from his

vehicle was unlawful because he has not shown it was unreasonable.[6]  A

---

[6] "It must always be remembered that what the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures."  Elkins v. United States, 364 U.S. 206, 222, 80 S. Ct. 1437, 1446, 4 L. Ed. 2d 1669 (1960).

complaint that alleges only legal conclusions rather than facts is insufficient to state a claim.  In this case, that is all Plaintiff has alleged - conclusory assertions.

Third, Plaintiff's fourth amended complaint alleged that the seized evidence was used to secure Plaintiff's conviction.  ECF No. 93 at 9.  The remedy for such a violation is to have the evidence excluded from trial if it is shown to have been obtained through an unlawful search and seizure. Simmons v. United States, 390 U.S. 377, 389, 88 S. Ct. 967, 974, 19 L. Ed. 2d 1247 (1968).  Plaintiff's remedy was available prior to his criminal trial, but this case cannot be used to provide Plaintiff relief.  That is so because this case cannot be used to collaterally attack Plaintiff's conviction on the basis that it violated his right to due process to use unlawfully obtained property as evidence.

Fourth, to the degree Plaintiff may argue that he is not seeking to overturn his conviction based on his claim of the unlawful seizure but, rather, he seeks monetary damages for the failure to return the property, his claim still fails under Supreme Court precedent.  Notably,'[a] complaint of continued retention of legally seized property raises an issue of

procedural due process under the Fourteenth Amendment." Case v.

Eslinger, 555 F.3d 1317, 1330 (11th Cir. 2009).  However, if a plaintiff's

personal property is taken and not returned because of a defendant's

negligence, there can be no finding of an unconstitutional deprivation of

property.  Daniels v. Williams, 474 U.S. 327 , 106 S. Ct. 662, 88 L. Ed.2d

662 (1986).  Yet even if the property was seized intentionally, the claim is

still foreclosed under Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S. Ct.

1908, 1916-17, 68 L. Ed. 2d 420 (1981), and its progeny which hold that a

deprivation of property "is not cognizable under Section 1983 when a

state's post-deprivation remedies are adequate to protect a victim's

procedural due process rights."[7]  Wood v. Ostrander, 879 F.2d 583, 588

(9th Cir. 1989) (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct.

3194, 82 L. Ed. 2d 393 (1984)).

> [A]n unauthorized intentional deprivation of property by a state
> employee does not constitute a violation of the procedural
> requirements of the Due Process Clause of the Fourteenth
> Amendment if a meaningful postdeprivation remedy for the loss
> is available.  For intentional, as for negligent deprivations of
> property by state employees, the state's action is not complete

---

[7] This aspect of Parratt was not overruled by Daniels v. Williams, 474 U.S. 327 (1986).

until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Hudson, 468 U.S. at 533, 104 S. Ct. at 3204 (footnote omitted); *see also*

Case, 555 F.3d at 1331 (11th Cir. 2009) (observing that there is a remedy

under Florida law for law enforcement's seizure or retention of personal

property); Holt v. Givens, 757 F. App'x 915, 922 (11th Cir. 2018) (finding no

due process claim because the State of Alabama provided adequate

postdeprivation remedies).

Postdeprivation procedures satisfy due process for unauthorized

deprivations by state actors, whether intentional or negligent, because the

state cannot know in advance of the deprivation and therefore cannot

provide predeprivation process.  Hudson, 468 U.S. at 534, 104 S. Ct. at

3204.  "Hudson made clear that as long as some adequate postdeprivation

remedy is available, no due process violation has occurred."  Lindsey v.

Storey, 936 F.2d 554, 561 (11th Cir. 1991) (citing Hudson v. Palmer, 468

U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984); *see also*

Case, 555 F.3d at 1331.

The State of Florida has waived its sovereign immunity in tort actions

for the negligent or wrongful acts of employees causing injury or loss of

Case No. 4:18cv365-WS-MAF

property.  Fla. Stat. § 768.28(1).  The existence of § 768.28 provides

Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of

property.  There is no indication that Florida's statutory scheme is not

adequate.  Thus, Plaintiff's claim concerning the deprivation of his property

by F.D.L.E. agents is not cognizable in this § 1983 action.

Plaintiff also attempted to assert a claim against the Florida

Department of Law Enforcement.  ECF No. 93 at 3.  That claim is

insufficient because Plaintiff's complaint fails to present a factual basis for

a claim against the Department.  Moreover, the Department of Law

Enforcement cannot properly be named as a Defendant because the

Department is a state agency and not a "person" which may be sued under

42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58,

64-71, 109 S. Ct. 2304, 2308-11, 105 L. Ed. 2d 45 (1989).

Plaintiff also included a claim for the use of excessive force.  Plaintiff

claimed that he was thrown to the floor and "someone" kneeled on his back

while he was handcuffed.  ECF No. 93 at 6.  Plaintiff did not allege that he

has held down for a significant period of time, that he could not breathe,

that officers hit or kicked him, or attempted to twist his arm.  There are

insufficient facts to show that the force used to effect his arrest was excessive; rather, it appears to have been de minimis and objectively reasonable.  "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989) (quoted in Stephens v. DeGiovanni, 852 F.3d 1298, 1321 (11th Cir. 2017)).  There are no facts alleged which reveal that the manner in which Plaintiff was arrested involved excessive force.  Plaintiff's conclusory assertion is insufficient to support his excessive force claim.

Plaintiff has had more than a sufficient opportunity to file a viable complaint.  Although English is not Plaintiff's first language, he is able to adequately express himself.  Judicial notice is taken that at Plaintiff's preliminary hearing and detention hearing in the underlying criminal case which forms the basis for this case, Magistrate Judge Charles A. Stampelos raised the issue of whether Mr. Pribyl needed an interpreter. ECF No. 13 at 3.  Counsel for Mr. Pribyl stated that he had "multiple communications with Mr. Pribyl" since his arrest and there was no need for

an interpreter.  *Id.*  Although Plaintiff was ultimately provided an interpreter

for his criminal trial and hearings, his difficulty with the English language is

not the primary deficiency with this case.  The facts of Plaintiff's case do

not demonstrate that his constitutional rights were violated during his

arrest.  Moreover, this civil rights case cannot be used to overturn his

conviction or obtain monetary damages for claims which seek to

collaterally attack the legality of his conviction.  Heck v. Humphrey, 512

U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim

for monetary damages related to a conviction or sentence until the plaintiff

can show that the conviction or sentence has been invalidated).

Because Plaintiff has had several years to present a viable

complaint, no further opportunities should be extended.  This case should

be dismissed for failure to state a claim upon which relief may be granted.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's fourth amended complaint, ECF No. 93, be **DISMISSED** for

failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2), and because Plaintiff has improperly sought to re-

allege claims previously dismissed.[8]   It is further **RECOMMENDED** that the

Order adopting this Report and Recommendation direct the Clerk of Court

to note on the docket that this cause was dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

      **IN CHAMBERS** at Tallahassee, Florida, on March 16, 2021.


          S/     Martin A. Fitzpatrick
          **MARTIN A. FITZPATRICK**
          **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[8] The Rules of this Court provide that after the "Court has dismissed a claim or struck a defense without leave to amend, the claim or defense must not be included in a later amended pleading."  N.D. Fla. Loc. R. 15.1(A).  Plaintiff was not permitted to re-assert claims against the United States or Defendants Thielemann or Clark. ECF Nos. 70 and 72.